19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas NYHUIS, Plaintiff-Appellant,
v.
Scott KILDOW, et al., Defendant-Appellee.
 No. 93-1921.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Douglas Nyhuis, a federal prisoner, appeals pro se a district court order dismissing his complaint filed under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nyhuis filed a complaint seeking monetary, declaratory, and injunctive relief against agents of the Drug Enforcement Agency, the Director of Public Safety of Grand Rapids, Michigan, and a Grand Rapids police officer. Nyhuis alleged that the defendants had concealed his whereabouts while he was incarcerated in Michigan (on a pending charge of continuing criminal enterprise) from a Florida DEA agent who wished to interview him. As a result, Nyhuis alleged that the Florida agent interviewed only his co-conspirators and that the information they provided was eventually used to convict him in district court in Florida on cocaine distribution charges, while the co-conspirators were not charged. He alleged that the defendants violated his due process rights, the Double Jeopardy Clause, and federal and state criminal laws. The district court dismissed the complaint as frivolous and certified that an appeal would not be in good faith. This court also denied Nyhuis pauper status on the appeal. He then paid the filing fee.
 
 
 3
 Upon review, it is concluded that this complaint was properly dismissed as frivolous, as it lacks any arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Nyhuis had no constitutional right to cooperate with the DEA investigation. Unlike the case in Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988), here Nyhuis does not allege that the defendants brought a false criminal charge against him. Accordingly, even if defendants thwarted his attempt to cooperate, it was not a denial of due process. The other issues raised are similarly meritless.
 
 
 4
 The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.